## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT PADUCAH
### CIVIL ACTION NO. 5:07CV-P28-R

**JOEY HART**                                                                                    **PETITIONER**

**v.**

**PATTI R. WEBB, WARDEN**                                                              **RESPONDENT**

### MEMORANDUM OPINION

Petitioner Joey Hart filed a *pro se* petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254.  On preliminary consideration of the petition pursuant to Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Courts, the Court concluded that the

petition appeared to be time barred and directed Petitioner to show cause why the action should

not be dismissed.  On review of Petitioner's timely response in conjunction with the petition, the

Court concludes that the § 2254 petition is time barred and must be denied.

### I.  PROCEDURAL HISTORY

A review of the petition and attached state court documents reveals that on April 7, 1999,

Petitioner pled guilty to murder and robbery in the first degree, and on May 13, 1999,[1] the

McCracken Circuit Court entered final judgment and sentenced Petitioner to a total term of life

without parole for twenty-five years.  No direct appeal was filed.

Thereafter, on July 16, 2001, Petitioner filed a Kentucky Rule of Criminal Procedure

(RCr) 11.42 motion in the McCracken Circuit Court.  The trial court initially denied the motion

on July 20, 2001, but then granted a motion for reconsideration and appointed counsel, who filed

a supplement.  Thereafter, the trial court denied the RCr 11.42 on October 4, 2002.  Petitioner

---

[1]In the petition, Petitioner claims that the date of the judgment of conviction was May 15, 1999, but state court documents attached to the petition indicate that final judgment was entered on May 13, 1999.

filed an appeal.  On October 15, 2004, the Kentucky Court of Appeals affirmed the trial court.

Petitioner then sought discretionary review, which the Kentucky Supreme Court denied on

March 9, 2005.

Three months later, in June 2005, Petitioner filed a Kentucky Rule of Civil Procedure

(CR) 60.02(f) motion in McCracken Circuit Court.  The circuit court denied the motion on an

unspecified date, the Kentucky Court of Appeals affirmed the denial on September 22, 2006, and

the Kentucky Supreme Court denied discretionary review on February 14, 2007.

Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2254 on February 19,

2007.[2]

## II.  ANALYSIS

### A.  Timeliness under the statute

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism

and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply.

*Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of

limitations for state prisoners seeking release from custody.  The statute, § 2244(d), provides as

follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for seeking such
> review;

---

[2]"Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts."  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).  Absent evidence to the contrary, the Court presumes that Petitioner deposited his petition for mailing on February 19, 2007, the date he signed the petition.

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the first circumstance applies, and the statute of limitations began to run at "the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Because Petitioner did not file a direct appeal, his conviction became final on June 14, 1999,[3] at the expiration of the thirty-day period during which he could have filed a direct appeal.  *See* Ky. R. Crim. P. 12.04(3) ("The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken."). The limitations period thus expired one year later on June 14, 2000.  By not filing his § 2254 petition until February 19, 2007, the action is untimely under the statute unless the tolling provision of § 2244(d)(2) applies.

Under § 2244(d)(2), "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection" (emphasis added). Because both of Petitioner's state court post-conviction motions were filed outside the one-year

---

[3]Because the thirtieth day actually fell on Saturday, June 12, 1999, the thirty-day period did not expire until the following Monday, June 14, 1999.  *See* Ky. R. Civ. P. 6.01.

limitations period under § 2244(d)(1), those motions neither tolled the limitations period nor restarted the period.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("'The tolling provision does not . . . revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (internal quotation marks omitted)).  The petition is, therefore, time barred.

In his response to the Court's Order to Show Cause, however, Petitioner argues that his RCr 11.42 motion was "properly filed" within the meaning of § 2244(d)(2) because he filed the motion within the allowable three-year limitations period under state law.  While Plaintiff's RCr 11.42 motion may have been "properly filed," it was not "pending" during the one-year period for filing a federal habeas action.  This is fatal to his tolling argument under § 2244(d)(2).  In *Thompson v. Chandler*, 55 Fed. Appx. 758 (6th Cir. 2003), the Sixth Circuit considered and rejected an argument similar to Petitioner's.  Specifically, the Sixth Circuit considered "whether the limitations period was extended by the three-year period that is allowed for filing a post-conviction action under Ky. R. Crim. P. 11.42."  *Id.*  It explained,

> Thompson now argues that the AEDPA's one-year limitations period is inconsistent with the three-year period within which Kentucky prisoners may file a post-conviction action under Rule 11.42.  This argument is unavailing because the AEDPA's limitations period is tolled only while a properly filed state post-conviction action is actually pending.  A post-conviction action is neither "actually pending" nor "properly filed" until it is actually filed.  Thus, Thompson's § 2254 petition was untimely, as "any lapse of time before a state application is properly filed will be counted against the one-year limitations period."

*Id.* at 758 (internal citations omitted); *see also Osborne v. Hill*, No. Civ. 05-405-HA, 2006 WL 573913, at \*1 (D. Or. Mar. 8, 2006) ("AEDPA's one-year statute of limitations applies even if there is a longer state statute of limitations and 'does not permit the reinitiation of the limitations period that has ended before the state petition was filed.'") (quoting *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)).

Petitioner argues that such a result violates the Suspension Clause of the U.S. Constitution, "render[ing] the habeas corpus remedy inadequate and ineffective to Kentucky prisoners rel[y]ing on Kentucky's RCr 11.42 rule." Despite this argument, courts have consistently held that the one-year statute of limitations does not violate the Suspension Clause. *See*, *e.g.*, *Ferguson*, 321 F.3d at 823 ("AEDPA's one-year statute of limitations, even if in tension with a longer state statute of limitations, does not render federal habeas an inadequate or ineffective remedy."); *Saylor v. Mack*, 27 Fed. Appx. 321, 323 (6th Cir. 2001) (("Numerous courts have concluded that § 2244(d) does not constitute an unconstitutional suspension of the writ of habeas corpus."); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1217 (11th Cir. 2000) ("Every court which has addressed the issue--*i.e.*, whether, as a general matter, § 2244(d) constitutes an unconstitutional suspension of the writ--has concluded that it does not."); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2d Cir. 2000) ("[T]he limitations period does not render the habeas remedy 'inadequate or ineffective to test the legality of detention,' and therefore does not *per se* constitute an unconstitutional suspension of the writ of habeas corpus.").

Petitioner additionally contends that it was inappropriate for this Court to raise the statute-of-limitations issue *sua sponte*. The U.S. Supreme Court has recently held that after

providing notice and an opportunity to be heard, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). "Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.* at 210. In the instant case, the Court gave Petitioner notice that the petition appeared to be time barred and provided him with thirty days within which to respond.

Because Petitioner's § 2254 petition was filed well over six years following the expiration of the limitations period, it is untimely under the statute.

### B.  Equitable tolling

Section 2254's one-year statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied only "sparingly." *Id.* at 1008-09. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (assuming, without deciding, the application of equitable tolling for the purposes of that case).

In his response to the Court's Order to Show Cause, Petitioner asserts entitlement to equitable tolling because he "reasonably [] and detrimentally relied on state law statute," namely RCr 11.42. He explains that RCr 11.42 "allows a criminal defendant of up to three (3) years to file his . . . post-conviction motion, but does not inform or warn a criminal Defendant that the delay will affect their federal right to seek a Federal writ of Habeas Corpus." He additionally argues that at no time was he informed by the state court or his defense counsel that "his guilty

plea and delay in seeking RCr 11.42 relief would affect his rights to seek Federal writ of habeas corpus." He lastly contends that he was ignorant of the habeas filing requirements.

Even if Petitioner lacked actual knowledge of the filing requirement, the Sixth Circuit has consistently recognized that ignorance of the law does not excuse prompt filing. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004); *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999) (explaining in a direct criminal appeal case that "[t]o allow an ignorance of the law excuse would encourage and reward indifference to the law"); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding "that, while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer"). And because of the "AEDPA's clear provisions regarding the statute of limitations, [Petitioner] cannot claim a lack of constructive knowledge regarding the filing deadline." *Allen*, 366 F.3d at 403. Further, Petitioner has offered no legal authority for his claim that the state court and/or defense counsel was under a duty to advise him of the limitations period for filing a federal habeas motion. Finally, Petitioner's reliance on a state rule of criminal procedure does not entitle him to equitable tolling as § 2244(d) is clear on its face that a one-year limitations period applies to federal habeas petitions.

### C. Conclusion

Petitioner has failed to demonstrate that his § 2254 habeas petition is timely under the applicable statute and has failed to allege facts warranting equitable tolling. Consequently, the § 2254 petition will be denied, and the action will be dismissed.

7

### III.  CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. at 484.  If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal.  *Id*.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  In such a case, no appeal is warranted.  *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable.  Thus, a certificate of appealability must be denied.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:      Petitioner *pro se*
         Respondent
         Kentucky Attorney General, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.005