UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-P28-R

**JOEY HART**                                                                                                       **PETITIONER**

v.

**PATTI R. WEBB, WARDEN**                                                                            **RESPONDENT**

### MEMORANDUM AND ORDER

By prior Memorandum Opinion and Order, the Court denied Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and dismissed the action as barred by the statute of limitations (DNs 12 & 13). Now before the Court is Petitioner's motion to alter or amend the Court's dismissal (DN 15). Petitioner raises three arguments in his motion: (1) that § 2254's statute of limitations violates the Suspension Clause; (2) that § 2254's statute of limitations violates the First Amendment in that it prevents him from petitioning Government for redress of grievances; and (3) that he is actually innocent of the charges on which he was convicted.

*A. Suspension Clause*

In its prior Memorandum Opinion, the Court addressed Petitioner's argument that the one-year statute of limitations violates the Suspension Clause of the U.S. Constitution. As indicated in the Memorandum Opinion, courts, including the Sixth Circuit, have consistently held that the one-year statute of limitations does not violate the Suspension Clause, U.S. CONST., art. I, § 9, cl. 2. *See*, *e.g.*, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("AEDPA's one-year statute of limitations, even if in tension with a longer state statute of limitations, does not render federal habeas an inadequate or ineffective remedy."); *Saylor v. Mack*, 27 F. App'x 321, 323 (6th Cir. 2001) (("Numerous courts have concluded that § 2244(d) does not constitute an unconstitutional

suspension of the writ of habeas corpus."); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1217 (11th Cir. 2000) ("Every court which has addressed the issue--*i.e.*, whether, as a general matter, § 2244(d) constitutes an unconstitutional suspension of the writ--has concluded that it does not."); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2d Cir. 2000) ("[T]he limitations period does not render the habeas remedy 'inadequate or ineffective to test the legality of detention,' and therefore does not *per se* constitute an unconstitutional suspension of the writ of habeas corpus.").

### B. First Amendment

Similarly, courts have held that the one-year limitations period does not violate the Petition Clause of the First Amendment, U.S. CONST., amend. I. *See Hill v. Dailey*, 534 F. Supp. 2d 746, 750 (E.D. Ky. 2008) ("[T]he Court holds that the statute of limitations codified at 28 U.S.C. § 2244(d)(1)(A) does not violate the Petition Clause of the First Amendment."); *Lamkin v. Cockrell*, No. Civ. SA-08-CA-0436-XR, 2003 WL 22244962, at *2 (W.D. Tex. Sept. 30, 2003) (same). The Court agrees with their conclusion. *See, e.g., Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("[W]e have long recognized that 'the power to award the writ by any of the courts of the United States, must be given by written law,' and we have likewise recognized that judgments about the proper scope of the writ are 'normally for Congress to make.'") (citations omitted)).

### C. Actual Innocence

Finally, in the last sentence of his motion, Petitioner asks the Court to allow his petition to proceed so that he may demonstrate constitutional infirmities and also demonstrate that "he is in fact 'actually innocent' of the charges to which he currently stands convicted." While the statute of limitations may be equitably tolled upon a showing of a credible claim of actual innocence, *see Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005), Petitioner has not made such a showing.

"'To be credible, [] a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'" *Souter*, 395 F.3d at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Petitioner makes only a bare claim of actual innocence and, therefore, wholly fails to present any "new reliable evidence." Accordingly, he is not entitled to equitable tolling on the basis of actual innocence.

### D. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Petitioner's motion to alter or amend (DN 15) is **DENIED**.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court is satisfied that no jurists of reason could find its procedural ruling to be debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Accordingly, **IT IS ORDERED** that a certificate of appealability is **DENIED**.

Date:

cc: Petitioner *pro se*
 Respondent
 Kentucky Attorney General, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.005